## WATSON *et al. v.* THE STATE.

1. A new trial will be granted in a criminal case on the ground that the verdict is contrary to the evidence, when the evidence is circumstantial and does not exclude every other reasonable hypothesis save that of the guilt of the accused.
2. Where the prosecuting officer admits the truth of facts to which it is claimed absent witnesses would testify, it is not error to overrule a motion for a continuance based on the absence of such witnesses.

Argued May 18, — Decided May 30, 1903.

Indictment for larceny.   Before Judge Evans.   Laurens superior court.   March 16, 1903.

*H. P. Howard* and *J. A. Thomas,* for plaintiffs in error.
*J. E. Pottle, solicitor-general,* contra.

COBB, J.   Dave Watson and Dement Watson were jointly indicted and convicted of the offense of cattle-stealing.   They except to the overruling of their motion for a new trial.

1. The indictment charged that the accused had stolen a certain red cow, with both ears cropped and a split in the left ear, the property of one Tom Hall.   There was evidence from which the jury could find that a cow of the description set forth in the indictment, the property of Tom Hall, had been stolen.   The evidence connecting the Watsons with the transaction was not the same as to both. We will consider first the evidence tending to connect Dement Wat-

son with the larceny of the cow. It was shown that he lived in the same neighborhood with Hall, the prosecutor, and within a mile of his house; that about the time Hall's cow was lost Dement Watson had been seen driving a red cow along the public road from the direction of where Hall lived; that about fifteen or twenty minutes after this, the cow he was driving was seen in his stable. The witness testifying to these circumstances was not, however, able to say whether the cow was marked in any way. It was shown that about this time a beef had been killed within two or three hundred yards of Dement Watson's stable by the side of a branch. "It was away off from the yard" of Dement Watson. All this occurred in the summer. In the fall following the horns of a cow were found near the place where the butchering took place, and these horns were identified as the horns of the prosecutor's cow. There was evidence that Dement Watson had threatened the prosecutor after the prosecution began, and there was also evidence that he had made threats that he would injure any one who testified against him, as well as evidence that he had authorized a witness to make an offer of settlement, if the grand jury did not find any bill. Dement Watson denied strenuously any connection with the transaction, and the State admitted that just about the time this cow was stolen the accused had butchered a red cow which was unmarked and which was their property. It is to be determined whether the circumstances above referred to are of such a character as to authorize the jury to find that Dement Watson was guilty of the offense charged. It must be admitted that the evidence is not altogether satisfactory, but the circumstances are such that the jury might find that they excluded every other reasonable hypothesis than the guilt of Dement Watson and were inconsistent with his innocence. The jury having reached this conclusion, and the trial judge having approved their finding, we do not feel authorized to interfere. In reference to Dave Watson, the case is different. The circumstances relied on to justify his conviction are, that he lived in the neighborhood where the larceny was committed; that he was the father of Dement Watson; that he sold several pounds of fresh beef the morning after the cow was missed and the red cow was butchered in the woods near Dement Watson's stable; that he had made threats against any one who should testify against him; and that he had authorized a settlement of the matter in the event the

grand jury found no bill. In his statement he admits being connected with the butchering of a cow about the time the prosecutor's cow was lost, but contends that the cow butchered was his property. It will thus be seen that the circumstances against Dave Watson are by no means as strong as those against Dement Watson. We do not think they are sufficient to show the guilt of Dave Watson beyond a reasonable doubt. It may be that, being the older man and the father of Dement Watson, he is really the more guilty of the two; but, so far as the evidence is concerned, his guilt does not appear beyond a reasonable doubt. See, in this connection, *Newman* v. *State*, 26 *Ga.* 633; *Orr* v. *State*, 34 *Ga.* 342; *Martin* v. *State*, 38 *Ga.* 293.

2. Having reached the conclusion that the evidence authorized the verdict as to Dement Watson, it becomes necessary to determine whether any error was committed by the trial judge which required the granting of a new trial as to him. The only error alleged, other than those embraced in the general grounds of the motion, is set forth in the third ground, which is as follows: "The defendant[s] at the trial of said case and before announcing ready in said case moved the court to continue said case on account of the absence of two certain witnesses, namely, Delia Hall and Sallie Watson; and showed to the court by the defendant[s] that said witnesses lived in the county of Laurens, had been subpœnaed, and were not absent by his [their] procurement or consent, and he [they] expected to have witnesses at the next term of the court, and the motion was not made for the purpose of delay, and that he [they] expected to prove by the absent witnesses that he had killed at their house a certain red cow about two years old, which was unmarked, that the cow killed by the defendant[s] was the property of the defendant[s], and that the witnesses saw it killed at the time it was killed and had known it to be the defendants' cow, for it had been raised on the place, and witnesses had known it from a calf, and that there were no other witnesses by which they could prove that fact. The solicitor-general in open court admitted that the defendant[s] had butchered the cow described by the movant; that same was unmarked at the time it was butchered by the defendant[s]; and that the State did not insist or expect to prove that the cow referred to by the witnesses was the one charged in the indictment, but that the one charged in the indictment was a

cow which was marked as described in the indictment at the time
it was killed and butchered by the defendant[s]. Upon this admis-
sion being made by the solicitor in open court, the court overruled
the motion, and the case proceeded to trial. Movant assigns the
overruling of said motion as error." As the solicitor-general ad-
mitted the truth of the facts expected to be proved by the absent
witnesses, the court did not err in overruling the motion for a con-
tinuance. Civil Code, § 5130. Under the admission of the so-
licitor-general the accused received a greater benefit than he would
have received if the witnesses had been present and testified. The
fact that the accused had killed a red cow, their own property, just
about the time of the larceny, was a fact which went through the
entire case under the admission; while if the witnesses had been
present and testified, the accused would simply have had the benefit
of testimony which the jury might not have credited. The jury
were, under the admission, bound to deal with the case as if the fact
that the accused had butchered a red cow of their own about the
time of the larceny was established and uncontradicted. This ad-
mission was helpful, and, as will be seen from the discussion above,
was entitled to weight, and was no doubt given its due weight by
the jury.

*Judgment as to Dement Watson affirmed; as to Dave Watson re-
versed. By five Justices.*